**Gagan Raj KAPOOR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70759.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Anh–Thu P. Mai, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Gagan Raj Kapoor, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals, summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition for review.

■ The record does not compel the conclusion that the two incidents in which Kapoor was detained and mistreated constituted past persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995).

■ Substantial evidence supports the IJ's finding that Kapoor did not establish a well-founded fear of future persecution because he continued to maintain an active church membership in India despite his experiences, and the record does not compel a conclusion that Kapoor's alleged persecutors are still after him. *See id.* at 339.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749–50 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

